# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4665 | **DATE** | 06/20/2012 |
| **CASE TITLE** | United States of America ex rel. Linda L. Shelton vs.Cook County Jail Executive Director, Circuit Court of Cook County | | |

**DOCKET ENTRY TEXT**

The habeas corpus petition (Dkt. No. 1) is dismissed for failure to exhaust an available state court remedy. The Court declines to issue a certificate of appealability. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se petitioner Linda L. Shelton has brought seven related habeas corpus petitions. *Shelton v. Circuit Court of Cook County*, No. 12 C 4656 (N.D. Ill.) (Gettleman, J.), *Shelton v. Circuit Court of Cook County*, No. 12 C 4657 (N.D. Ill.) (Gettleman, J.), *Shelton v. Circuit Court of Cook County*, No. 12 C 4660 (N.D. Ill.) (Gettleman, J.), *Shelton v. Circuit Court of Cook County*, No. 12 C 4663 (N.D. Ill.) (Gettleman, J.), *Shelton v. Circuit Court of Cook County*, No. 12 C 4664 (N.D. Ill.) (Gettleman, J.), *Shelton v. Circuit Court of Cook County*, No. 12 C 4665 (N.D. Ill.) (Gettleman, J.), and *Shelton v. Circuit Court of Cook County*, No. 12 C 4666 (N.D. Ill.) (Gettleman, J.). These habeas corpus petitions arise from her pending seven misdemeanor cases in the Circuit Court of Cook County, Municipal Division, District One.

### I. Background

According to attorney J. Nicolas Albukerk's affidavit attached to each habeas petition, he represents Shelton in one of the seven state cases. She is pro se in the others. (Shelton is pro se in all of the present federal habeas corpus petitions before this Court.) Albukerk provides an affidavit in all seven federal cases discussing Shelton's state cases.

Albukerk explains that Shelton is presently on trial before the Honorable Peggy Chiampas in the Circuit Court of Cook County in the seven cases. On March 21, 2012, Judge Chiampas sua sponte dismissed Shelton's pretrial motions. Shelton believes that she cannot receive a fair trial before Judge Chiampas, and did not appear for her May 29, 2012, court hearing. Judge Chiampas issued a bench warrant for Shelton's arrest. Shelton is now detained at the Cook County Jail.

On May 30 and 31, Mr. Albukerk contacted the Chambers of the Municipal District's Presiding Judge Kenneth E. Wright, Jr. Albukerk wanted to bring an Illinois state habeas corpus petition under 735 ILCS

## STATEMENT

5/10-124 challenging Shelton's confinement. Albukerk's understanding of Cook County Local Rules is that he must bring a habeas corpus petition before the presiding judge. Presiding Judge Wright's staff allegedly failed to assist Mr. Albukerk in filing Shelton's state habeas corpus petition. Shelton believes that she has no available state court remedy to challenge her current pretrial custody at the Cook County Jail due to the state court's failure to hear her state habeas corpus petition.

Shelton raises what she entitles an "emergency" habeas corpus petition before this Court. She explains that she has serious health problems and believes that she is suffering from an unlawful confinement due to the alleged deficiencies in medical care at the Cook County Jail. She is also raising the various pretrial challenges that were rejected by Judge Chiampas.

The Court's Executive Committee, when barring Shelton from bringing civil litigation or entering the Everett M. Dirksen Courthouse, noted that she was a "convicted felon, who has been diagnosed by her personal psychiatrist as having a 'psychiatric condition' resulting in her 'misconception of ongoing events.'" *In re Shelton*, No. 10 C 1995 (N.D. Ill Apr. 8, 2010) (Dkt. No. 10). The Executive Committee barred Shelton due to her excessive frivolous litigation and verbal harassment and confrontations with Court staff. (The barring order provides an exception for bringing habeas corpus petitions. (No. 10 C 1995, Dkt. No. 15).)

Shelton's present habeas corpus petitions are:

*Shelton v. Circuit Court of Cook County*, No. 12 C 4656 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 09 MC 286184 (Circuit Court of Cook County), charging Shelton with disorderly conduct. Her claims are: Sixth Amendment speedy trial violation, Fourteenth Amendment due process violation, and double jeopardy violation.

Although her first two claims invoke the Sixth and Fourteenth Amendments, it is clear that her claims arise under Illinois law. Shelton applies the Illinois Speedy Trial Act requirement that she must be tried within 160 days under 725 ILCS 5/103-5(b). As to the alleged due process violation, she invokes Illinois's statue allowing a party to request the substitution of a judge. 725 ILCS 5/114-5. Her discussion of the claims are limited to state law.

*Shelton v. Circuit Court of Cook County*, No. 12 C 4657 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 09 MC 223774 (Circuit Court of Cook County), charging Shelton with trespass to real property, disorderly conduct, and obstructing / resisting a peace officer. The petition raises the same speedy trial and due process arguments discussed above. This petition also adds additional claims that she was arrested without probable cause, and the charges are fraudulent as shown by the information contained in the police reports.

*Shelton v. Circuit Court of Cook County*, No. 12 C 4660 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 09 MC 258392 (Circuit Court of Cook County), charging Shelton with assault, disorderly conduct, resisting / obstructing a peace officer, and trespass to state

**STATEMENT**

supported land. The petition raises the same speedy trial, due process, lack of probable cause, and false charges arguments discussed above.

*Shelton v. Circuit Court of Cook County*, No. 12 C 4663 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 09 MC 238219 (Circuit Court of Cook County), charging Shelton with trespass to state supported land, disorderly conduct, and obstructing / resisting a peace officer. The petition raises the same speedy trial, due process, lack of probable cause, and false charges arguments discussed above.

*Shelton v. Circuit Court of Cook County*, No. 12 C 4664 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 11 MC 241978 (Circuit Court of Cook County), charging Shelton with two counts of simple battery, disorderly conduct, resisting a peace officer, and criminal trespass. The petition raises the same speedy trial, due process, lack of probable cause, and false charges arguments discussed above.

*Shelton v. Circuit Court of Cook County*, No. 12 C 4665 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 09 MC 260540 (Circuit Court of Cook County), charging Shelton with criminal trespass to state supported land. The petition raises the same speedy trial, due process, lack of probable cause, and false charges arguments discussed above.

*Shelton v. Circuit Court of Cook County*, No. 12 C 4666 (N.D. Ill.) (Gettleman, J.):

This petition challenges *Illinois v. Shelton*, No. 09 MC 261096 (Circuit Court of Cook County), charging Shelton with disorderly conduct. The petition raises the same speedy trial, due process, lack of probable cause, and false charges arguments discussed above.

## II. Analysis

Turning to the adjudication of Shelton's present federal habeas corpus petitions, the Court notes that each petition challenges a different state case. The Court has reviewed Shelton's litigation history in CMECF and determined that she has not previously challenged any of these state cases. She may proceed on all seven federal habeas corpus petitions.

Shelton invokes 28 U.S.C. § 2254 in her present petitions, but these cases arise under 28 U.S.C. § 2241 because she is challenging her pretrial custody. *Jacobs v. McCoaughtry*, 251 F.3d 596, 597 (7th Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Younger v. Harris*, 401 U.S. 37 (1971); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Olsson v. Curran*, 328 Fed. App'x 334, 335 (7th Cir. 2009) (nonprecedential decision); *United States v. Castro*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d

**STATEMENT**

673, 675 (7th Cir. 1979).

The general rule is that the detainee must proceed with her claims through the regular state criminal proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction. *Sweeney*, 612 F.3d at 573. But an exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. *Id*. Speedy trial and double jeopardy claims are two recognized exceptions allowed to proceed under § 2241. *Id*.; *see also Braden*, 410 U.S. 489-92. Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McQuire*, 502 U.S. 62, 67 (1991). Finally, pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings. *Castor*, 937 F.2d at 296-97; *Olsson*, 328 Fed. App'x at 335.

Shelton's overarching argument in her present federal habeas corpus petitions is that she has serious health issues, and should not be detained in the Cook County Jail. Judge Chiampas had Shelton arrested for her failure to appear at the May 29th hearing. Although Shelton is not clear on this point, the Court presumes that she was on bail and her bail was revoked by Judge Chiampas due to her failure to appear.

The Supreme Court has assumed the bail clause of the Eighth Amendment applies to the States without addressing the issue directly. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007); *Pena v. Mattox*, 84 F.3d 894, 903-04 (7th Cir. 1996); *Faheem-El v. Klincar*, 841 F.2d 712, 718 n.8 (7th Cir. 1988) (en banc). But even if Shelton has raised a federal constitutional claim as to her bail situation in the present § 2241 petitions, this would not help her cause because she has failed to exhaust the claim before the Illinois state courts.

Shelton's attempt at exhaustion was an Illinois habeas corpus petition under 735 ILCS 5/10-124 in the Circuit Court of Cook County. The Court is uncertain why Shelton chose to bring a state habeas corpus petition when Illinois Supreme Court Rule 604(c)(1) allows a criminal defendant to bring an immediate interlocutory appeal of an adverse bail order. *Illinois v. Santillan*, 561 N.E.2d 655, 655 (Ill. 1990); *Illinois v. Morrow*, 628 N.E.2d 550, 557 (Ill. App. Ct. 1993). In contrast, an Illinois habeas corpus proceeding is limited to a challenge to the state court's jurisdiction, or an allegation that a subsequent event requires the prisoner's immediate release. *Beacham v. Walker*, 896 N.E.2d 327, 332 (Ill. 2008). The Illinois Supreme Court teaches that constitutional claims cannot be brought in an Illinois habeas corpus proceeding because constitutional claims do not fit into these two permissible categories for Illinois habeas corpus. *Id*.

Shelton's proper action was to bring a Rule 604(c)(1) appeal, not a state habeas corpus petition. The Circuit Court of Cook County's alleged failure to adjudicate her state habeas corpus petition does not excuse her failure to properly exhaust her federal claims. The exhaustion requirement requires the petitioner to provide the state the "'opportunity to pass upon and correct alleged violations of prisoners' federal rights.'" *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Detainees must follow the "normal . . . and established" process for raising their claims to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This also includes raising the claims through the state appeals process to the state's court of last resort. *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009) (citations omitted).

**STATEMENT**

Here, Shelton failed on two fronts. She did not raise her bail issue through Illinois's established process of a Rule 604(c)(1) interlocutory appeal. Attempting to file a state habeas corpus petition would have been futile under Illinois law. And a second additional point is that she stopped her exhaustion efforts at the trial court level. Exhaustion required Shelton to proceed through the full appellate process including to the Illinois Supreme Court. These failures to exhaust doom her present § 2241 habeas corpus petitions.

In addition, there are various other reasons why Shelton's petitions must be dismissed. In *Shelton v. Circuit Court of Cook County*, No. 12 C 4656 (N.D. Ill.) (Gettleman, J.), she raises a double jeopardy claim. But Illinois Supreme Court Rule 604(f) allows an immediate interlocutory appeal by a criminal defendant following the denial of a motion to dismiss on double jeopardy grounds. *Illinois v. Griffith*, 936 N.E.2d 1174, 1187 (Ill. App. Ct. 2010). Just like her failure to properly appeal the bail issue, this failure to exhaust bars any double jeopardy claim.

Her other claims such as due process, lack of probable cause for arrest, and false charges allegations cannot be raised in a § 2241 proceeding. These claims will not be mooted by petitioner's state court conviction and so are properly raised through a § 2254 proceeding following the completion of the state court case should she be convicted. Finally, petitioner's speedy trial and due process claims, though invoking federal constitutional provisions, clearly arise under Illinois law because Shelton argues only the state law statutory issue. These noncognizable state law claims cannot be adjudicated in a federal habeas corpus petition. *Gray v. Netherland*, 518 U.S. 152, 163 (1996) (holding that a general invocation to due process, without a discussion of the underlying merits of the claim, is insufficient to raise a federal constitutional claim); *United States ex rel. Kendrick v. McCann*, No. 08 C 6281, 2010 WL 3700233, at *15 (N.D. Ill. Sept. 8, 2010) (invoking Illinois's Speedy Trial Act, 725 ILCS 5/130-5, is insufficient to raise a federal constitutional speedy trial claim because the Illinois Act provides rights above and beyond those provided by the U.S. Constitution).

Consequently, all of Shelton's present § 2241 petitions are dismissed. The Court also declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003)) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 655, 666 (7th Cir. 2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).